IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | (Phillips / Shirley) |
| AARON BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court upon Defendant Aaron Brooks' Motion to Dismiss or Suppress [Doc. 162].

### 1. BACKGROUND

This Court conducted a hearing as to all non-evidentiary motions in this case on September 25, 2007. Several remaining non-evidentiary motions and evidentiary suppression issues were continued to November 26, 2007, for further hearing. Defendant Aaron Brooks was present at the initial hearing, with his counsel Rowland Cowden. The United States was represented by Assistant United States Attorneys David Jennings and Tracee Plowell. To the extent Mr. Brooks' Motion to Dismiss or Suppress [Doc. 162] may raise dispositive issues, the Court will address its merits by Report and Recommendation to the District Court. For the reasons stated herein, this Court recommends that Motion to Dismiss or Suppress [Doc. 162] be denied.

## 2. MERITS

**1.     Position of the Defendant**

A.     Dismissal

Mr. Brooks argues that the government's case against him should be dismissed for lack of evidence to connect him to the conspiracy alleged in the indictment [Doc. 162]. Brooks states that four houses were searched, and that he was unfortunate enough to merely be present at the Rugby Avenue location when the police arrived to execute that search warrant. Brooks argues that no drugs were found on his person, no notable sum of money was found on his person, that his fingerprints were not associated with any contraband and that the only connection asserted by the government between he and Rugby Avenue are certain items of clothing. Special Agent Bethel Poston, the "case agent" in this case, testified about the alleged significance of the clothes at Brooks' detention hearing, linking them to Brooks because of his large stature. Brooks asserts that while the government believes the clothes belong to Brooks because of their size, the prosecution cannot produce the clothes for inspection. Brooks does not cite any authority for dismissal as a remedy for his complaints, but argues that the criminal charge alleging his involvement in this conspiracy should be dismissed.

B.     Suppression

In a brief (two sentence) companion argument, Brooks asserts that the search warrant executed at the Rugby Avenue house was so lacking in probable cause that the search was illegal, citing United States v. Harris, 403 U.S. 573 (1971). Brooks' Motion to Dismiss also observes that an affidavit for a search warrant must establish a nexus between the place to be searched and evidence of a crime; and that a search warrant may not be founded on stale information, but does

not make these arguments in the instant case. Brook's entire argument is:

> Regarding the search of 1701 Rugby Avenue, the government lacked probable cause for the warrant and the search, in violation of the Fourth Amendment, and any evidence gathered thereby should be suppressed. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), requires probable cause to believe that evidence of a crime is located at the search location. Moreover, the information upon which a search is predicated must be timely and not stale so that there is a likelihood that the evidence sought at the premises will still be there. *See, e.g.,* U.S. v. Greany, 929 F.2d 523 (9th Cir. 1991).

[Doc. 162 at 2-3]

**2.    Position of the Government**

The government responds to this motion at [Doc. 182], filing as an exhibit the search warrant authorizing the search of the Rugby Avenue house and supporting affidavit. The eight-page response describes the background of the investigation leading to the request for a search warrant for the Rugby Avenue house.

A.    Dismissal

The government argues that there is no basis in law for the Court to dismiss this indictment, describing as well-established the principle that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits," quoting Costello v. United States, 350 U.S. 359 (1956). The government also quotes language from the Eleventh Circuit that a "court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987). Further, the government has stated in both its written response and at the motions hearing that it intends to present facts at trial to demonstrate Brooks' involvement and participation in the conspiracy and will link Brooks to cocaine and ecstacy found at the Rugby Avenue house, aside from the clothing.

3

B.  Suppression

The government's response defends the Rugby Avenue search warrant. The government asks that the Court accord the search warrant with a presumption of validity, and give "great deference" to the issuing magistrate's decision, citing Franks v. United States, 438 U.S. 154, 171 (1978); and Illinois v. Gates, 462 U.S. 213, 236 (1983). The government urges the Court to consider that "probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than reasonable suspicion' ... [i]t requires only a 'probability of substantial chance of criminal activity, not an actual showing of such activity.'" [Doc. 182 at page 6], quoting United States v. Smith, 182 F.3d 473, 477 (6th Cir. 1999). The United States argues that the instant affidavit and resultant search warrant meet this standard and that found at Illinois v. Gates, 462 U.S. 213, 236 (1983).

The government alternatively argues that this search would be subject to the Good Faith Exception, even if the Court found the search warrant lacking, including a discussion of the applicability of United States v. Leon, 468 U.S. 897 (1984).

**3.  Analysis**

A.  Dismissal

Brooks statement of the facts, if proven at trial, might persuade a jury that he was not involved in the charged drug conspiracy. This fact that he intends to mount an aggressive defense does not warrant dismissal pretrial. Factual disputes do not warrant a pretrial remedy at all; their resolution lies within the province of the jury.

B.  Suppression

While Brooks' motion entitles the relief he seeks as "suppression," he literally asserts no facts

in support of suppression.[1] To the extent it may be said to have been raised by his bare citation to a Fourth Amendment violation based on an illegally issued search warrant, for which the remedy may be suppression of evidence, the Court finds no merit in his argument for the reasons stated below:

## Standing to Challenge the Search

The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure. Rakas v. Illinois, 439 U.S. 128, 132 (1978); United States v. Smith, 263 F.3d 571, 582 (6th Cir.2001). A defendant may claim the benefits of exclusionary rule only if his *own* Fourth Amendment rights have in fact been violated. United States v. Salvucci, 448 U.S. 83 (1980). To have standing, a person must have a reasonable expectation of privacy in the premises searched. Minnesota v. Olson, 495 U.S. 91, 95-97 (1990). The Court finds that Mr. Brooks has asserted no facts to support a conclusion that he had any expectation of privacy in the Rugby Avenue house and has failed to make even a threshold showing on this issue. In fact, he specifically challenges the strength of the government's proof that he has any connection with the house, aside from his mere presence when the search warrant was executed.

The Court finds that Mr. Brooks did not have a reasonable expectation of privacy under the Fourth Amendment and does not have standing to challenge the search of the Rugby Avenue house. The Court will, nonetheless, address the merits of Mr. Brooks' challenge to the search in the event the District Court may reach a different conclusion on this issue.

---

[1] Rather, the Court observes that he is effectively seeking suppression and / or exclusion of the clothing and any reference to the clothing.

5

## Probable Cause for the Issuance of the Search Warrant

In determining the sufficiency of the search warrant affidavit, the Court is "concerned only with the statements of fact contained in the affidavit," otherwise known as a "four corners review." United States v. Hatcher, 473 F.2d 321, 323 (6th Cir. 1973); United States v. Smith, 783 F.2d 648, 654 (6th Cir. 1986) (holding that a court assessing the validity of a search warrant is limited to the four corners of the warrant). Probable cause to search is "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). To make such a showing "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Id. at 244 n.13. Thus, the Supreme Court has observed that probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief," Carroll v. United States, 267 U.S. 132, 162 (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required. Brinegar v. United States, 338 U.S. 160, 176 (1949); Texas v. Brown, 460 U.S. 730, 742 (1983). In other words, probable cause is "reasonable grounds for belief supported by less than prima facie proof but more than mere suspicion." United States v. Bennett, 905 F.2d 931, 934 (6th Cir. 1990).

Whether probable cause to issue a search warrant exists is evaluated by looking at the totality of the circumstances. Gates, 462 U.S. at 238. Initially, the Court notes that the issuing judge's determination that probable cause exists is entitled to "'great deference.'" United States v. Allen, 211 F.3d 970, 973 (6th Cir. 2000) (quoting Gates, 462 U.S. at 236). This deferential standard promotes the preference for the use of search warrants as opposed to warrantless searches. Id. In

determining the sufficiency of the search warrant affidavit, the Court is "concerned only with the statements of fact contained in the affidavit." Hatcher, 473 F.2d at 323; see also Whiteley v. Warden, 401 U.S.560, 565 (1971). In reviewing the propriety of the search warrant, the Court considers "the evidence that the issuing magistrate had before him only '"to ensure that [he] ha[d] a substantial basis . . . for concluding that probable cause existed.'" United States v. Jones, 159 F.3d 969, 973 (6th Cir. 1998) (quoting Gates, 462 U.S. at 238-39) (alterations in original).

The task of the issuing judge is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The duty of a reviewing court is simply to ensure that the judge had a "substantial basis for . . . conclud[ing] that probable cause existed." Gates, at 238 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).

Although Brooks has not filed the search warrant and supporting affidavit for the Court's review, the United States has done so in its response [Doc. 182-2]. In the affidavit, Special Agent Bethel Poston sets forth his background and qualifications, then describes the nature of the instant criminal investigation. The affidavit sets forth Agent Poston's reasons for belief that two persons were going to meet at 1701 Rugby Avenue in south Knoxville during the late afternoon hours of May 3, 2007. This includes a description of multiple intercepted telephone conversations. The portion of the affidavit pertaining to 1701 Rugby Avenue is found at pages 8 - 10. The affidavit states that physical surveillance and intercepted telephone conversations have shown that 1701 Rugby Avenue was a house used to store cocaine for this conspiracy. Police observed meetings between members of the alleged conspiracy at the house and it was repeatedly mention over the telephone in a manner suggesting its role is the conspiracy to conceal cocaine. The affidavit specifically quotes an intercepted telephone call placed on April 21, 2007, setting up a drug

7

transaction with Randy King at his house. Police had established through physical surveillance and other intercepted telephone conversations that Randy King resided at 1701 Rugby Avenue at the time the search warrant was issued. The affidavit also describes intercepted telephone calls on April 4, 2007, and May 1, 2007, in detail. These calls, in the context of the overall investigation set forth in the affidavit and the confirming physical surveillance, more than establish "a fair probability that contraband or evidence of a crime will be found in a particular place," 1701 Rugby Avenue.

### Constitutional Staleness

Brooks does not argue that any information contained within the affidavit was unconstitutionally stale and could not be used to support a finding of probable cause, but his motion states, almost in passing, that: "Moreover, the information upon which a search is predicated must be timely and not stale so that there is a likelihood that the evidence sought at the premises will still be there. *See, e.g.,* U.S. v. Greany, 929 F.2d 523 (9th Cir. 1991)." [Doc. 162]

To the extent it can be said that this remark raises a serious challenge to the affidavit based upon stale information provided to the issuing Magistrate Judge, the Court finds this argument is without merit. A search warrant may not be based upon stale information, and there must be probable cause to believe that the items sought are still located at the place to be searched. The probable cause inquiry gauges the likelihood that evidence of a crime may presently be found at a certain location. A warrant must be supported by "facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." Sgro v. United States, 187 U.S. 206, 210 (1932). The expiration of probable cause is determined by the circumstances of each case and depends on the inherent nature of the crime. See Sgro,187 U.S. at 210-11, United States v. Henson, 848 F.2d 1374, 1382 (6th Cir. 1988); United States v. Hython, 443 F.3d 480, 485 (6th Cir. 2006).

The defendant has not made any showing as to why the information in the affidavit might be stale, or even what information is stale. However, the Court observes that this case alleges an ongoing drug conspiracy. The affidavit describes a series of intercepted telephone calls regarding drug transactions at 1701 Rugby Avenue involving the resident of that house. The most recent of these calls was May 1, 2007. The search warrant was issued on May 2, 2007. Where the evidence reveals that the criminal activity is "of a continuing nature" the passage of time does not necessarily present a staleness problem. United States v. Spikes, 158 F.3d 913, 923 (6th Cir. 1998); United States v. Henson, 848 F.2d 1374 (6th Cir. 1988), cert. denied, 488 U.S. 1005 (1989). Certainly, the passage of a single day presents no staleness issue. The oldest information described in the affidavit may only be said to extend about one month before the search warrant.

### III: CONCLUSION

Because the issues raised herein are entirely without merit, the Court does not address the additional issue of whether Aaron Brooks has standing to challenge the search of 1701 Rugby Avenue, given his argument before this Court and statements in support of dismissal for lack of evidence.

For the reasons stated herein, the Court's recommendation is that Defendant Aaron Brooks' Motion to Dismiss or Suppress **[Doc. 162]** be **DENIED**.[2]

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see also Thomas v. Arn, 474 U.S. 140 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).