IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,    )
    )
          Plaintiff,    )
    )
          v.    )    No. 3:07-CR-51
    )    (Phillips / Shirley)
JOHNNIE MARTIN,    )
AARON BROOKS,    )
LASHONDA HALL,    )
TONY DARNELL MANNING,    )
MATTHEW ORR,    )
JAMES O. ROWANS II, and    )
CARLA KYLE.    )
    )
          Defendants.    )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

### I: MATTERS BEFORE THE COURT

This matter was scheduled to come before the Court for hearing on the merits of all pending motions on September 25, 2007. On September 24, 2007, counsel for Defendant Johnnie Martin filed Motion to Continue Motion Hearing [Doc. 200] and [Doc. 201], stating that Attorney James A. H. Bell was then engaged in a state court trial and described an urgent family matter then underway for co-counsel William Hood. The Court found good cause had been shown to continue the hearing of motions filed on behalf of Mr. Martin and his request was orally granted. The motions hearing commenced on September 25, 2007, and was scheduled to

1

resume on November 26, 2007, the first date the parties were available to present evidence and argument on the remaining motions of Martin's remaining motions, some of which were adopted by his co-defendants Hall, Manning and Orr, as well as the Motion to Dismiss and Motion to Suppress filed by Hall. Hall's remaining motions were anticipated to require an evidentiary hearing. Further, the parties agreed that the issue of Hall's severance would depend upon the disposition of her motion to suppress. The motion for severance being contingent upon the outcome of the suppression issues, that motion necessarily remained under advisement pending the evidentiary hearing on November 26, 2007, and the resulting rulings. On November 26, 2007, the Court resumed the motions hearing and was prepared to receive evidence and hear argument on the merits of Defendant LaShonda Hall's Motion to Suppress Statements [Doc. 132]; and Motion to Dismiss Counts 2, 3, 4 & 15 of Superseding Indictment and Memorandum in Support [Doc. 128], the preference suggested by counsel, as well as all remaining pending motions of Martin. On November 26, 2007, the announcement of the parties' positions obviated the need for an evidentiary hearing on the Motion to Suppress statement, which has been deemed moot as noted herein. AUSA Jennings stated that he has been notified by their respective counsel that defendants Orr and Manning have accepted plea agreements offered by the government.[1] However, the Court heard arguments and took under advisement Hall's Motion to Dismiss Counts 2, 3, 4 & 15 of Superseding Indictment and Memorandum in Support [Doc. 128] under advisement and will issue a Report and Recommendation as to their disposition to the

---

[1] The Court notes that neither Orr nor Manning has scheduled a change of plea before the District Court and neither has filed a request to withdraw their pending pretrial motions, therefore they are addressed on their merits herein.

District Court. Having concluded the hearing of motions as to all defendants, all pending motions subject to disposition by this Court are addressed herein.

At the hearing on September 25, 2007, defendants with motions pending before the Court were present, with the exception of Martin as previously noted. Defendant Aaron Brooks was present with his attorney, Rowland Cowden. Defendant LaShonda Hall was present with her attorney, Mike Whalen. Defendant Tony Manning was present with his lawyer, Russ Greene. Defendant Matthew Orr was present with Attorney Alexander Brown. The Court excused all other defendants and their counsel from appearance. Assistant United States Attorney David Jennings and Assistant United States Attorney Tracee Plowell were present on behalf of the government. When the hearing resumed on November 26, 2007, Johnnie Martin was present with his attorneys James A. H. Bell and William Hood. LaShonda Hall was present with her attorney, Mike Whalen. Assistant United States Attorney David Jennings and Assistant United States Attorney Tracee Plowell were present on behalf of the government for all proceedings. At the hearings, the Court proceeded in a logical (rather than by filing date or docket number) order and will endeavor to do so herein.

## II: MOTIONS SUBJECT TO DISPOSITION

### A. MOTIONS TO ADOPT
(HALL, MANNING, ORR AND MARTIN)

LaShonda Hall filed a Motion to Adopt [Doc. 140] Johnnie Martin's [Doc. 72] Motion for Enright Hearing. Martin's Motion for Enright Hearing [Doc. 72] was also the subject of Tony Manning's Motion to Adopt [Doc. 144]; and Matthew Orr's Motion to Adopt [Doc. 174]. Orr also sought to adopt, in [Doc. 172], Aaron Brooks' [Doc. 136] Motion to Sever; in [Doc. 173], Orr sought to adopt Manning's [Doc. 145], a "Giglio motion." Martin filed a Motion to

Adopt Pleadings of Co-Defendants [Doc. 71] at the time he was represented by prior counsel in which he asks leave to join co-defendants' motions as they relate to the issues of conspiracy and discovery. That filing did not specify any particular motion which he seeks to adopt as his own. Because he specified two broad topics under which he seeks to adopt motions filed, there is no way for the Court to know which specific motions Martin has adopted, as motions may relate to more than one issue, or may seek any number of remedies. Further, Martin's later counsel filed their own substantive motions addressing these same issues. Accordingly, Martin's Motion to Adopt Pleadings of Co-Defendants **[Doc. 71]** is **DENIED** as overly broad, while **[Doc. 140]**, **[Doc. 144]**, **[Doc. 174]**, **[Doc. 173]**, and **[Doc. 172]** were **GRANTED** at the start of the September 25, 2007, hearing. The disposition of the adopted motions shall apply to those defendants who have adopted them, unless otherwise expressly noted in the Court's ruling.

### B. MOTION TO SEVER
#### (BROOKS AND ORR)

Defendant Aaron Brooks moves the Court to sever his trial from that of the other defendants charged in this conspiracy. [Doc. 143]. Defendant Matthew Orr has requested leave to adopt Brooks' arguments in this motion, in his Motion to Adopt [Doc. 172]. The government has responded at [Doc. 188] and opposes severance of Brooks and Orr from the trial of the rest of the defendants.

#### 1.    Position of Defendants

#### A.    Antagonistic Defenses

In support of severance, Brooks describes facts relating to alleged conspiracy ringleader, Johnnie Martin. Brooks says Martin ascribed to the principles set forth in a book called The 48 Laws of Power. Brooks says excerpts from a copy of this book were provided in discovery and

they include handwritten notations to the text made by Martin. In his motion, Brooks lists 8 of the principles, or laws, of the book. On of those listed is Law 17: "Keep others in suspended terror." Brooks asserts that co-defendant Martin has demonstrated his intention to intimidate Brooks and the others during the trial. Brooks cites Martin's behavior at prior motions hearing appearances where all defendants were present together in the courtroom as Law 17 in practice. During a recess in that proceeding, Brooks asserts, Martin verbally intimidated on of the defendants who had taken a position contrary to his own on the issue of trial continuance.

Brooks avers that in addition to presenting a directly antagonistic defense, in order to put forth evidence of these intimidation techniques in defense of participation in the alleged drug conspiracy, Martin's testimony is key to presentation that defense of coercion.

B.     Spillover

Brooks says that co-defendant Martin has demonstrated his intention to conduct himself inappropriately during court proceedings. Brooks is concerned that Martin's offensive attitude and potential for acting-out during the trial place Brooks at risk of prejudicial spillover effect in the eyes of the jury.

Brooks cites Federal Rules of Criminal Procedure, Rule 14 and Zafiro v. United States, 506 U.S. 534 (1993), in support of severance. Brooks asserts that severance is required to preserve his own right to a fair trial.

The United States responds at Government's Consolidated Response to Motions to Sever by Defendants Brooks and Orr [Doc. 188]. The United States opposes severance for these two defendants, stating that joinder of the defendants is proper under Federal Rules of Criminal Procedure, Rule 8(b) and there is no basis for severance under Rule 14. The government argues that once defendants have been properly joined under Rule 8(b), the burden lies with the

defendant to demonstrate "substantial, undue or compelling prejudice warranting severance," citing United States v. DeFranco, 30 F.3d 664, 669-70 (6th Cir. 1994).

### 2.     Position of the Government

A.     Antagonistic Defenses

The government argues that the general policy in favor of joint trials is strengthened where defendants are charged with participating in the same conspiracy, citing United States v. Weiner, 988 F.2d 629, 634 (6th Cir. 1993); and United States v. Goble, 512 F.2d 458, 465-66 (6th Cir. 1975).

The government asserts that Brooks and Orr have failed to demonstrate a specific trial right that would be so infringed by a joint trial as to mandate severance. The government argues that such infringement of a trial right must be specific or must "prevent[] the jury from making a reliable judgment about guilt or innocence." United States v. Lopes, 309 F.3d 966, 971 (6th Cir. 2002)(quoting Zafiro, 506 U.S. at 539).

B.     Spillover

The government argues that "A severance is not necessary simply because a defendant thereby might improve his chance at an acquittal or because there may be an alleged 'spillover' effect of some of the evidence from one defendant to another." [Doc. 188] citing Lopes, 309 F.3d at 971.

### 3.     Analysis

Individuals indicted together should be tried together, absent a serious risk of compromise to a specific trial right. United States v. Davis, 170 F.3d 617 (6th Cir.), cert. denied, 528 U.S. 861 (1999); United States v. Cobleigh, 75 F.3d 242, 248 (6th Cir. 1996); United States v. Paulino, 935 F.2d 739 (6th Cir.), cert. denied, 502 U.S. 914 (1991). Except where a

miscarriage of justice will result, there is a presumptive expectation that co-defendants should and will be tried together.  Richardson v. Marsh, 481 U.S. 200, 206-11 (1987); United States v. Mays, 69 F.3d 116, 120 (6th Cir. 1995), cert. denied, 517 U.S. 1246 (1996).

The Supreme Court has directed "[t]here is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (internal citations and quotations omitted); see also Fed.R.Crim.P. 8(b) (stating that "[t]wo or more defendants may be charged in the same indictment ... if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses"). This is especially true when two defendants are accused of participating in a conspiracy or joint scheme. United States v. Cope, 312 F.3d 757, 779 -780 (6th Cir. 2002); United States v. Weiner, 988 F.2d 629, 634 (6th Cir.1992).

The Sixth Circuit has held that the severance of jointly indicted defendants is an "extraordinary remedy, employed only to alleviate 'a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' " Franklin, 415 F.3d at 556 (citation omitted). A defendant seeking severance "bears a strong burden and must demonstrate substantial, undue, or compelling prejudice."  Id.  Severance is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.

A.  Antagonistic Defenses

Notwithstanding the strong preference for joint trials, if a defendant or the government is prejudiced by joinder, Rule 14 permits the court to grant a severance or to "provide whatever other relief justice requires."  United States v. Breinig, 70 F.3d 850, 852 (6th Cir.1995); United States  v. Gardiner, 463 F.3d 445, 472 (6th Cir., 2006).

Antagonistic, inconsistent, or conflicting defenses put forth by multiple defendants alone do not ordinarily warrant severance, but severance may be appropriate where such defenses are shown to be so mutually exclusive and irreconcilable that a jury will infer guilt from the conflict alone and must disbelieve the core of one defense in order to believe the other defense.  While Brooks' description of co-defendant Martin's tactics of intimidation pursuant to a personal creed tends to establish that antagonism exists between the two, it does not establish antagonistic defenses within the meaning of severance jurisprudence.  C.f., United States v. Arispe, 41 Fed.Appx. 777 (6th Cir., 2002) (severance not mandated although defendant asserted that his co-defendant's decision to appear at trial in prison garb, and co-defendant's attorney's indication that he could not predict what codefendant's defense would be, jeopardized his own right to fair trial; holding that defendant was not prejudiced because there was no showing that co-defendant's clothing reflected negatively on defendant and co-defendant did not present antagonistic defense.)

In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever. See e.g., United States v. Sherlin, 67 F.3d 1208, 1215 (6th Cir. 1995); United States v. Sivils, 960 F.2d 587, 594 (6th Cir.), cert. denied, 506 U.S. 843 (1992); see also United States v. Beverly, 369 F.3d 516,

534 (6th Cir.2004) ("a defendant is not entitled to severance simply because the evidence against a co-defendant is far more damaging than the evidence against him."); <u>United States v. Warner</u>, 971 F.2d at 1196 ("A showing that a defendant would have a better chance of acquittal in a separate trial does not establish prejudice requiring severance. [ ] To show enough prejudice to require severance, a defendant must establish substantial prejudice."). There has been no showing that Brooks intends to put forth a defense theory to the jury that will be directly inapposite to Martin's defense. Brooks has, likewise, failed to demonstrate a compelling need to present Martin's testimony in his defense, nor that Martin would testify to certain facts at a separate trial. It follows that Brooks has not demonstrated that he will suffer a compelling, specific, and actual prejudice due to antagonistic defenses absent a severance.

B. Spillover

Severance should not be granted where the same evidence is admissible against all defendants, nor should it be granted where evidence is admissible against some defendants but not others. <u>Warner</u>, 971 F.2d at 1196. The burden is on defendants to show that an antagonistic defense would present a conflict "so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." <u>Id</u>. (citations omitted).

It is difficult to meet this burden by claiming that the jury will improperly consider evidence against one defendant that was introduced only against another as "juries are presumed to be capable of following instructions ... regarding the sorting of evidence and the separate consideration of multiple defendants." <u>Franklin,</u> 415 F.3d at 556 (citations omitted).

The central charge against Brooks is participation in the alleged conspiracy. The evidence of the operation of a conspiracy scheme that gave rise to the charges against all the defendants is common to Brooks and Martin, as they are both charged with a role in the conspiracy. Even assuming Brook's argument that he had a minor role in the conspiracy, "a defendant is not entitled to severance because the proof is greater against a co-defendant." Warner, 971 F.2d (citations omitted).

The Court concludes that the defendants Brooks and Orr have been properly joined for trial with the other defendants charged in this indictment. They have not met their burden to demonstrate a prejudice that will arise unless they are severed for trial from the other defendants. The Court finds that Brooks and Orr have not demonstrated a basis for relief from prejudicial joinder within Rule 14. Brook's Motion to Sever **[Doc. 143]** is **DENIED**.

### C. MOTIONS FOR ENRIGHT HEARING
(BROOKS, HALL, ORR, MARTIN AND MANNING)

### 1.        Position of the Defendants

Defendants Brooks, Hall, Orr, Martin and Manning move the Court to conduct a hearing pursuant to United States v. Enright, 579 F.2d 980 (6th Cir. 1978) in order to determine whether or not the government can satisfy its burden of proof on the existence of a conspiracy before any co-conspirator statements may be admitted in the government's case-in-chief at trial. They argue that before the government can take advantage of the co-conspirator exception of the hearsay rule, it must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the conspiracy and that the hearsay statement was made in the course and in the furtherance of the conspiracy. United

States v. Vinson, 606 F.2d 144, 152 (6th Cir. 1979).  Defendants accurately state that the Sixth Circuit has outlined three alternative methods by which the district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility.  Vinson, 606 F.2d at 152-53.  The defendants urge the Court to proceed with the first option, conduct a pretrial hearing as to the evidence of the conspiracy before  considering admission of the alleged statements.  The defendants argue that this is the most cautious and preferred order of proof, citing authority from other circuits in support.  They assert that such a pretrial hearing would not be burdensome to the government, and not unduly so when compared to the potential harm averted.

## 2.        Position of the Government

The government opposes a pretrial determination on this issue, responding to all defense requests for this relief in a single, consolidated filing [Doc. 186].  The United States relies upon Federal Rules of Evidence Rule 801(d)(2)(E) provides "a statement is not hearsay if ...[t]he statement is offered against a party and is...a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."  To be admissible under Rule 801(d)(2), the party offering a co-coconspirator statement must show by a preponderance of the evidence that: (1) the conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's statements were made in furtherance of the conspiracy.  See United States v. Lora, 210 F.3d 373 (6th Cir. 2000) (unpublished opinion)(citing, United States v. Wilson, 168

F.3d 916, 920 (6th Cir. 1999).  This three-part test is often referred to as an "Enright finding." See United States v. Enright, 579 F.2d 980 (6th Cir. 1978).  Whether the offering party has made the showing is a question of fact for the court to decide.  Fed. R. Evid. 104(a); United States v. Maliszewski, 161 F.3d 992, 1007 (6th Cir. 1998), cert. denied, Villareal v. United States, 525 U.S. 1183 (1999).

**3.        Analysis**

While the defendants have correctly stated that Sixth Circuit has approved three potential procedures for resolving this issue, the Sixth Circuit has criticized the first Enright alternative, a pretrial hearing, as burdensome, time consuming and uneconomic.  The more practical approach, and the one customarily adopted by this district, is the third option listed, which has been to permit the government to present the hearsay statements of this nature subject to a later demonstration of their admissibility by a preponderance of the evidence. The Court notes that it is the general practice in this district to use the third of these options.  In any event, this series of motions relate directly to trial procedures and the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Thomas W. Phillips.  Accordingly, the parallel requests made in **[Doc. 151]** (Brooks); and **[Doc. 137]** (Hall); **[Doc. 72]** and **[Doc. 168]** (Martin) are **DENIED**.  District Judge Phillips will decide whether he desires to choose an option besides the third option before or during trial, as he deems appropriate.

### D. DISCLOSURE OF EXCULPATORY AND IMPEACHMENT MATERIAL
### (BROOKS, HALL, MARTIN AND MANNING)

**1. Position of the Defendants**

Defendants Brooks, Hall, Martin and Manning have requested the disclosure of certain evidence from the United States, all of which fall within the body of related caselaw represented by Brady v. Maryland, 373 U.S. 83 (1963) (exculpatory evidence); United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence); and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

Aaron Brooks seeks disclosure of material from the United States in his Brady Motion No. 1: The Deals [Doc. 147]; and Brady Motion No. 2: General Exculpatory and Incentives [Doc. 148]. Brooks asks the Court to Order the government disclose certain information about informants and potential witnesses. Brooks lists six categories of information in [Doc. 147] and two in [Doc. 148].

Hall requests information relating to persons cooperating with the prosecution efforts in her Motion for Disclosure of Snitches [Doc. 130]. Manning has asked for similar relief in his Motion to Require Government to Reveal Any Agreements With or Concessions to Witnesses That May Influence Their Testimony [Doc. 145].

Manning has filed [Doc. 145], which has been adopted by Orr.

The defendants ask the Court to order the government to disclose agreements with or concessions to any witnesses that may influence the testimony of the witness [Doc. 130]; [Doc. 145]; [Doc. 157]. The defendants seek impeachment evidence generally referred to as Giglio

material.  Giglio v. United States, 405 U.S. 150 (1972); see also United States v. Bagley, 473 U.S. 667, 676 (1985).

### 2.     Position of the Government

The government responds in opposition at [Doc. 189].  The government objects on the basis that first, inadequate authority is cited in support of authorizing such discovery, other than a general reference to Rule 16(a)(1)(E).  Second, to the extent that the government's witnesses may be impeached because they have entered plea agreements with the government, received reductions in their sentences, or promised benefits in exchange for their cooperation with the government, the government states that it will provide the defendants with that information under Brady, and that some of this information is available in plea agreements filed publically with the clerk, but resists providing prior to trial the material requested.  The government contends that the defendant's request is prohibited by Rule 16(a)(2) in that "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.  At the motions hearing, AUSA Jennings stated that all information subject to disclosure has already been provided to all defense counsel.

### 3.     Analysis

Most of the information sought in this motion is the subject of this Court's Order on Discovery and Scheduling [Doc. 25, ¶ E].  The defendants' request for the criminal records of government witnesses is addressed by paragraph F of the Order on Discovery and Scheduling

[Doc. 19]. The defendants' request for material to be used in impeachment of government witnesses is addressed by paragraph E of the Order on Discovery and Scheduling in this case, entered May 8, 2007 [Doc. 25]:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976) (exculpatory evidence), and <u>United States v. Bagley</u>, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by <u>United States v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that it has already ordered the government to turn over materials within the scope of <u>Brady</u>, with timing of such disclosures governed by <u>United States v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988). The substance of these motions is addressed by the Court's Order on Discovery and Scheduling [Doc. 25, ¶ E]. Should the defendant become aware of specific material that may be subject to this provision, they may make a specific <u>Brady </u>request of the government, then bring the matter to the attention of the Court if necessary. Accordingly, Manning's Motion to Require the Government to Reveal any Agreements **[Doc. 145]** is **DENIED** as moot; Martin's Motion for Disclosure Impeaching and Exculpatory Evidence **[Doc. 157] is DENIED** as moot; Brooks' Brady Motion No. 1: The Deals **[Doc. 147]** is **DENIED** as moot and Brady Motion No. 2: General Exculpatory and Incentives **[Doc. 148]** is **DENIED** as moot.

### E. MOTIONS FOR BILL OF PARTICULARS

(BROOKS AND MARTIN)

### 1.       Position of the Defendants

In his Motion for Bill of Particulars, [Doc. 150], Brooks lists information he argues would more appropriately apprise him of the charges made against him in the indictment.  This list includes dates, times, overt acts, persons with whom he is alleged to have conspired, unindicted co-conspirators.

Martin's first Motion for Bill of Particulars [Doc. 69], was filed prior to the Superseding Indictment by previous counsel.  Martin has also filed Motion for Bill of Particulars [Doc. 158], with a Memorandum in Support [Doc. 159].  At the hearing, Martin relied upon his written argument in support of his position.

### 2.       Government

The United States responds at [Doc. 188, pages 2-3] that a Bill of Particulars may not be used to discover the evidentiary details of the government's case, as the defendants are attempting to do here.  The government urges the Court to distinguish between the defendant's right to know the details of the charges against him and the details of the evidence against him.

### 3.       Analysis

The Court finds in this case the indictment is adequate to describe the charges made against these defendants and sufficiently detailed for the purposes of a Bill of Particulars.  Additionally, there are search warrant affidavits, wiretap affidavits and detention hearing transcripts which provide additional detail not present in many cases.  Accordingly, Brooks' and Martin's requests for bills of particulars at **[Doc. 150], [Doc. 69],** and **[Doc. 158]** are **DENIED**.

### F. MOTION FOR DISCOVERY
(BROOKS)

Brooks' Motion for Discovery [Doc. 175] constitutes his formal request for Rule 16 discovery. The Court has previously ordered the parties to provide discovery materials in the Order on Discovery and Scheduling [Doc. 25]. There are no issues raised in the motion. Motion for Discovery **[Doc. 175]** is **DENIED** as moot.

### G. MOTION TO COMPEL
(BROOKS)

Defendant Brooks' Motion to Compel [Doc. 152] moves the Court to order the government to produce certain clothing. Brooks has described the role of the clothing allegedly found at 1701 Rugby Avenue, Knoxville, Tennessee during the execution of a search warrant.

The government responds that while large clothing was observed at 1701 Rugby Avenue during the search, it was not seized by law enforcement. The United States avers that, "[a]ny testimony concerning same will be based upon the observations of the agents present at the scene." [Doc. 183]. At the motions hearing, AUSA Jennings confirmed that the United States is not in possession of the items sought.

In response to this statement, counsel for Brooks asked the Court to compel the government to disclose *why* the clothes were not preserved as evidence. Brooks argued the clothes constitute the government's only factual link between the alleged conspiracy and Brooks. Because of their role in this case, Brooks argues that the reason they were not preserved is relevant if it indicated fault or negligence on the part of the law enforcement agents.

The United States described that the searching agents saw notable large clothing at the Rugby Avenue house while they were executing the search warrant.  The clothing did not appear to fit any other persons at the house and the agents drew certain conclusions from that observation, within the context of their three weeks of investigation, to include wiretaps and surveillance.  While noting their location in the house, the agents did not, however, seize the clothes as evidence.

The Court finds that the United States is not in possession of the clothes attributed to Aaron Brooks and there is no basis to compel their production.  Brook's Motion to Compel **[Doc. 152]** is **DENIED** as moot.

## H. MOTIONS FOR WITNESS' STATEMENTS
### (BROOKS AND MARTIN)

### 1.      Position of the Defendants

In his written motion, Brooks gave notice to the government that at the evidentiary hearing on the suppression issues, he would ask for production of Rule 26.2 Jencks material at the conclusion of each witness' testimony.  Brooks also asserts that this material includes the witness' grand jury testimony, whether orally recorded or in written transcript form.  Brooks cites Rule 16, Rule 26.2 and <u>Brady</u> in support of his request.

In Martin's Motion for Early Jencks [Doc. 171], Martin correctly states that three witnesses testified at the at the Detention Hearing: SA Bethel Poston, Deantay Montgomery (in his own favor, not against Martin), PTSO Twilla Tucker.  Martin was represented by other counsel at that time who did not ask for production of Rule 26.2 Jencks material at the conclusion

of each witness' testimony.  Attorney Bell was appointed on July 23, 2007, and made this motion on August 8, 2007, arguing the Jencks request should be accepted as timely under the circumstances and Martin should not be prejudiced by earlier counsel's failure to request. At the November 27, 2007, hearing, counsel presented argument for production of only trial-related Jencks material.

## 2.      Position of the Government

The government has responded that the timing and disclosure of production of witness statements is governed by the Jencks Act, Rule 26.2, United States v. Algie, 667 F.2d 569 (6th Cir. 1982); and United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).  [Doc. 189, pages 11-12].   The government says it will utilize an option for Jencks disclosures that avoids unnecessary delay during the trial, but does not specify what this will be.

## 3.      Analysis

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> 18 U.S.C. § 3500(a); see also Fed. R. Crim. P. 26.2.

The  purpose of the Jencks Act is to prevent a general exploratory "blind fishing expedition" into government files by the defense.  United States v. Pope, 574 F.2d 320 (6th Cir. 1978); and United States v. Nickell, 552 F.2d 684 (6th Cir. 1977).

In Palermo v.  United States, 360 U.S. 343, 351 (1959) the Supreme Court addressed the

parameters and legislative intent of the then-new Jencks Act.  The Court observed that:

> Subsection (a) requires that no statement of a government witness made to an agent of the Government and in the Government's possession shall be turned over to the defense until the witness has testified on direct examination. This section manifests the general statutory aim to restrict the use of such statements to impeachment.
>
> Palermo, 360 U.S. at 349 (1959).

As described by the Sixth Circuit, "the Jenks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial.  The defendant is only entitled to the statement after the witness has testified. "  United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982).

Should the Court conduct an evidentiary hearing and the United States call witnesses to testify,  Brooks would be entitled to receive a copy of the witness' statement at the conclusion of direct examination.   There is no basis for  Brooks' request for grand jury testimony.  Accordingly, Brooks' Motion for Witness' Statements **[Doc. 177]** is **DENIED**; and Martin's Motion for Early Jencks **[Doc. 171]** is **DENIED**.

## I.  MOTION FOR LEAVE TO FILE FURTHER MOTIONS
### (BROOKS)

Brooks asserts that additional time for evaluation and filing of pretrial motion is necessary due to the volume of discovery materials.  At the hearing, counsel for Brooks did not identify any additional pretrial motions to be filed, and no motion has been proposed since that time.  Accordingly, Brook's Motion for Leave to File Further Motions **[Doc. 178]** is **DENIED** as moot.

### J. Motion for Agents to Retain Rough Notes
#### (Hall)

Hall requests, out of an abundance of precaution, an order directing all agents who investigated this case to retain all rough notes taken as a part of their investigation of the case. [Doc. 134].  The Court has already ordered in the entered an Order on Discovery and Scheduling [Doc. 25, ¶ H] the relief requested by the defendant:  "The government shall advise its agents and officers involved in this case to preserve all rough notes." The government responds it has so directed.  Accordingly, the defendant's Motion for Agents to Retain Rough Notes **[Doc. 134]** is **DENIED** as moot.

### K. Motion for Disclosure to Prosecuting Attorney
#### (Hall)

#### 1.      Position of the Defendant

Defendant Hall moves the Court for an order requiring all participating agents and/or agencies cooperating in this investigation to disclose and provide to the prosecuting attorney in this case all materials in their possession, custody or control, regardless of relevancy or materiality.  The defendant contends providing these files to the prosecutor will enable him to review all available information, so as to discharge his Rule 16(a)(1) and Brady-Kyles disclosure obligations.

#### 2.      Position of the Government

The government responds that  Kyles v. Whitley, 514 U.S. 419 (1995), cannot be read as either imposing a duty on the prosecutor to learn of information by other government agencies

that have no involvement in the prosecution at issue, or as requiring that all information and materials pertaining to a case be transferred from investigative agencies to the Office of the United States Attorney. Next, the government contends that an order of this magnitude would impermissibly interfere with its method for making such disclosures. It furthermore states that it is not equipped to be the repository of all the information and material compiled in a case. Finally, the government notes that the Defendant's motion extends to "all materials" and contends that it is not prepared or equipped to assume custody of all materials, like drugs, firearms, or contraband. The government states to the Court that it is well-aware of its obligations under Brady and will take the necessary steps to comply with its discovery obligations.

### 3. Analysis

According to Brady v. Maryland, "the suppression by the prosecution of evidence favorable to an accused...violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. In order to comply with Brady, the "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995). Supreme Court precedent does not, however, require possession to trigger the prosecutor's duty to disclose, and in fact, holds quite the opposite. In Kyles the Court expressly rejected the state's argument that it had no duty to disclose materials known only to the police and not to the prosecution. Id. at 438. Therefore, the Brady rule extends to evidence "known only to police investigators and not to the prosecutor." Strickler v. Greene, 527 U.S. 263, 280-81 (1999) (quoting Kyles, 514 U.S. at 438).

The Court's Order on Discovery and Scheduling [Doc. 25] states the government "shall comply with Rule 16(a)(1)(A)-(F)" of the Federal Rules of Criminal Procedure and in paragraph E, specifically states that:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Furthermore, the government has acknowledged its duty under Brady and Kyles, and has stated that it is taking the necessary steps to comply with its discovery obligations. The Court finds Hall's motion overly broad in this case, and that the request appears to impose a greater duty on the prosecutor in this case than that required by Kyles. Accordingly, Hall's Motion for Agents, Officers and Employees to Disclose and Provide Evidence in Their Possession, Custody or Control to the Prosecuting Attorney **[Doc. 129]** is **DENIED**.

## L. MOTION TO SUPPRESS STATEMENT
### (HALL)

At the November 26, 2007, hearing AUSA Jennings stated that the United States will not seek to introduce Hall's statement in its case-in-chief at trial. In response, Hall withdrew her Motion to Suppress Statement as it had become moot. Having been withdrawn in light of the government's position, **[Doc. 132]** is **DENIED** as moot.

### M. MOTION FOR SEVERANCE OF DEFENDANTS
#### (HALL)

At the November 26, 2007, Hall withdrew her request to be severed from the other defendants for trial.  Accordingly, **[Doc. 136]** is **DENIED** as moot.

### N. MOTION FOR LEAVE TO FILE FURTHER MOTIONS
#### AND
### MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS
#### AND
### MOTION FOR DISCLOSURE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION, RULE 12(B)(4)(B)
#### (MARTIN)

These motions cited the extent of the discovery material provided by the government as the basis for concern that additional pretrial motions may be necessary.  These requests were withdrawn at the November 26, 2007, hearing.  Accordingly, **[Doc. 164]**; **[Doc. 166]**; and **[Doc. 153]** are **DENIED** as moot.

### O. ROVARIO MOTION
#### (MARTIN)

Citing Roviaro v. United States, 353 U.S. 53 (1957), Martin moves the Court to order the government to inform defense counsel in writing of the identities and addresses of all persons known to the government to have been present at the times and places of the offenses alleged in the indictment. [Doc. 160].  The government opposes the defendant's motion, arguing that the defendant is simply trying to learn the identity of government witnesses, information to which the defendant is not entitled. [Doc. 185].

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

Roviaro, 353 U.S. at 59 (internal citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at 60. The informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. In performing this balancing, the Court should consider, among other factors, the charges, the potential defenses, and the significance of the informer's testimony. Id. The Sixth Circuit

has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

To compel the disclosure of the identity of confidential informants, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Trejo-Zambrano, 582 F.2d 460, 466 (9th Cir.), cert. denied, 439 U.S. 1005 (1978); see also United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants"). To the extent the defendant contends that there are informants or operatives who are likely to influence the outcome of the case or are essential to her preparation for trial, the Court finds that she has failed to make a specific showing to that effect. Accordingly, the Martin's Motion for Disclosure of Material Witnesses **[Doc. 160]** is **DENIED**.

### P. MOTION TO DESIGNATE COMPLEX
#### (MARTIN)

This case was previously designated Complex by Order on June 19, 2007, [Doc. 81], granting the request made by defendant Stanley at [Doc. 74]. Martin opposed the designation when argument was heard on the motion, stating that this was no more unusual or complex than any other drug conspiracy. Although he requested such designation in his written submission, counsel for Martin withdrew this motion at the November 26, 2007, hearing. Having been withdrawn, Motion to Designate Complex **[Doc. 163]** is **DENIED** as moot.

### Q. MOTION FOR RULE 404(B)
(MARTIN)

This motion makes request for any and all Rule 404(b) material.  The Court has already ordered the disclosure and timing for Rule 404(b) material.  The government response cited the Order on Discovery and Scheduling [Doc. 25] and says that it will comply therewith. [Doc. 189].  At the November 26, 2007, hearing, counsel for Martin moved to withdraw this motion in view of the pending trial date of December 3, 2007, noting that the Order on Discovery and Scheduling directed the government to provide 404(b) material one week before trial and it had not done so.  Deducing from this lack of timely disclosure that the United States does not intend to introduce 404(b) proof, Martin's counsel stated that his motion had become moot.

AUSA Jennings stated that the government would disclose Rule 404(b) material, if any, one week before the *new* trial date anticipated to be scheduled to permit disposition of the pending motions.

The Court observes that its Order on Discovery and Scheduling [Doc. 25] was filed May 8, 2007, in contemplation of a trial date set within the non-excludable parameters of the Speedy Trial Act, July 12, 2007.  It states:

> Upon request, the government shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any Rule 404(b)-type evidence it intends to introduce at trial.  Unless otherwise ordered by the Court "reasonable notice" shall be deemed to be seven (7) calendar days before trial.

[Doc. 25 at ¶ I].

This case did not proceed to trial on July 12, 2007, however, and a Superseding Indictment was filed July 10, 2007. For the reasons set forth by this Court, this case has been set for trial on October 18, 2007, November 6, 2007, December 4, 2007. It was necessary to set a new trial date for this case at the November 26, 2007, hearing, given the volume and nature of motions still pending disposition and for the reasons set forth in the Order addressing that continuance [Doc. 212]. This was ordered, however, over the objection of Martin. Given the interceding holiday season, the Court finds that "reasonable notice" of 404(b) material for the January 22, 2008, trial date is four weeks in advance of trial. Subject to the caveat contained within the original Order on Discovery and Scheduling excerpted above, the government shall disclose and Rule 404(b)-type material it intends to use at trial on or before **December 21, 2007.**

### R. REQUEST FOR EXPERT INFORMATION
#### (MARTIN)

Martin cites the Order on Discovery and Scheduling [Doc. 25 at ¶ L], by which the United States must disclose expert(s) three weeks before trial, but asks for earlier disclosure. Martin says that he believed the United States may try to use DEA Special Agent Bethel Poston as an expert. If that is accurate, defendant asks that the government give as much notice as possible in order to allow time for pretrial challenge to testimony, in addition to a request for notice of any other expert testimony.

The government responds that it will comply with the Order on Discovery and Scheduling and will make all disclosure consistent with Rule 16 and Presser. [Doc. 189]. As it

relates to the government's disclosure of experts, the Order on Discovery and Scheduling reads:

> Unless otherwise ordered by the Court, any disclosure of expert information required by Rule 16(a)(1)(G), Fed. R. Cr. P., shall be made by the government at least three (3) weeks before trial...

[Doc. 25 at ¶ L.)

The United States has not filed any expert notices as of this date. At the November 26, 2007, hearing, AUSA Jennings stated that the defense is well aware of the experts who might be called by the government in a case such as this. AUSA Jennings referred to forensic laboratory persons who may testify about results of scientific tests run on substances suspected to be drugs, describing the expert testimony as routine for a drug case. The United States concluded its argument with the agreement to provide notice of expert testimony "four or five" weeks before trial.

Given the government's position and with the same considerations in mind as pertained to the Rule 404(b) disclosures, supra, the government shall disclose expert information on or before **December 21, 2007**, Request for Expert Information **[Doc. 167]** is **GRANTED**.

## III: CONCLUSION

For the reasons stated above, it is HEREBY ORDERED:

1. Martin's Motion to Continue Hearing **[Doc. 200]** and **[Doc. 201]** have been **GRANTED**.

2. Hall's Motion to Adopt **[Doc. 140]** has been **GRANTED**.

3. Manning's Motion to Adopt **[Doc. 144]** has been **GRANTED**.

4. Orr's Motion to Adopt **[Doc. 174]** has been **GRANTED**

5. Orr's Motion to Adopt **[Doc. 173]** has been **GRANTED**

6. Orr's Motion to Adopt **[Doc. 172]** has been **GRANTED**.

7. Martin's Motion to Adopt Pleadings of Co-Defendants **[Doc. 71]** is **DENIED**

8. Brook's Motion to Sever **[Doc. 143]** is **DENIED**.

9. Brooks' Motion for Enright Hearing **[Doc. 151]** is **DENIED.**

10. Hall's Motion for an Enright Hearing Under Federal Rule of Evidence 104(a) **[Doc. 137]** is **DENIED**.

11. Martin's Motion for Hearing to Determine Existence of Conspiracy **[Doc. 72]** and **[Doc. 168]** are **DENIED**.

12. Manning's Motion to Require the Government to Reveal any Agreements **[Doc. 145]** is **DENIED** as moot;

13. Martin's Motion for Disclosure Impeaching and Exculpatory Evidence **[Doc. 157] is DENIED** as moot;

14. Brooks' Brady Motion No. 1: The Deals **[Doc. 147]** is **DENIED** as moot

15. Brooks' Brady Motion No. 2: General Exculpatory and Incentives **[Doc. 148]** is **DENIED** as moot.

16. Brooks' Motion for Bill of Particulars **[Doc. 150]** is **DENIED**

17. Martin's Motion for Bill of Particulars **[Doc. 69],** and **[Doc. 158]** are **DENIED**.

18. Brooks' Motion for Discovery **[Doc. 175]** is **DENIED** as moot.

19. Brooks' Motion to Compel **[Doc. 152]** is **DENIED** as moot.

20. Brooks' Motion for Witness' Statements **[Doc. 177]** is **DENIED**;

21. Martin's Motion for Early Jencks **[Doc. 171]** is **DENIED**.

22. Brooks' Motion for Leave to File Further Motions **[Doc. 178]** is **DENIED** as moot.

23. Hall's Motion for Agents to Retain Rough Notes **[Doc. 134]** is **DENIED** as moot.

24. Hall's Motion for Agents, Officers and Employees to Disclose and Provide Evidence in Their Possession, Custody or Control to the Prosecuting Attorney **[Doc. 129]** is **DENIED**.

25. Hall's Motion to Suppress Statement **[Doc. 132]** is **DENIED** as moot, having been withdrawn.

26. Hall's Motion for Severance of Defendants **[Doc. 136]** is **DENIED** as moot, having been withdrawn.

27. Motion for Leave to File Further Motions **[Doc. 164]** is **DENIED**.

28. Motion for Leave to File Motion to Suppress **[Doc. 166]** is **DENIED**.

29. Motion for Disclosure Evidence Arguably Subject to Suppression, Rule 12(b)(4)(B) **[Doc. 153]** is **DENIED.**

30. Martin's Motion for Disclosure of Material Witnesses **[Doc. 160]** is **DENIED**.

31. Martin's Motion to Designate Complex **[Doc. 163]** is **DENIED** as moot, having been withdrawn.

32. Martin's Motion for Notice of Any Rule 404(b) Evidence the Government Seeks to Introduce at Trial **[Doc. 155]** is **GRANTED**; the government shall provide such notice on or before **December 21, 2007**.

33. Martin's Request for Expert Information **[Doc. 167]** is **GRANTED;** the government shall disclose expert information on or before **December 21, 2007**.

**IT IS SO ORDERED.**

ENTER:

      s/ C. Clifford Shirley, Jr.    
United States Magistrate Judge

United States Magistrate Judge