# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 3:07-CR-51-5 |
| ) | (Phillips/Shirley) |
| AARON BROOKS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On November 29, 2007, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a ten-page Report and Recommendation ("R&R") [Doc. 214] in which he recommended that defendant's motion to dismiss or in the alternative to suppress [Doc. 162] be denied. The matter is presently before this court on defendant's timely[1] objection to the R&R [Doc. 228]. As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3), the court has undertaken a *de novo* review of the R&R. For the reasons that follow, the court concurs in the result reached by Judge Shirley's thorough analysis. Accordingly, defendant's objections will be **OVERRULED** and the motion to dismiss or in the alternative to suppress [Doc. 162] **DENIED**.

---

[1] Although the docket entry is listed as December 17, 2007, counsel for the defendant originally filed the objection on December 13, 2007, but incorrectly labeled it, for administrative purposes, as a motion. The clerk's office instructed counsel for defendant to reenter the objection as such and noted on the new docket entry that the original entry was on December 13, within the ten-day deadline for entry of objections. Accordingly, the objection was timely.

-1-

I.

The first of defendant's objections to the R&R are without apparent reference to the motion to dismiss or the alternative motion to suppress, but it appears to the court that these objections support defendant's motion to dismiss the indictment. Specifically, defendant argues that 1) the government has abused its power by losing the evidence, as any civilian who lost or destroyed evidence would be charged with obstruction of justice, 2) denying the motion upsets the presumption of innocence and, apparently, the burden of proof, and 3) denying the motion constitutes an equal protection violation. These arguments are without merit.

First, as defendant recognizes throughout his brief, a defendant must demonstrate bad faith by the government in order to assert successfully a denial of due process. *United States v. Wright*, 260 F.3d 568, 571 (6th Cir. 2001). Yet even a showing of "bad faith alone will not violate a criminal defendant's due process right to access exculpatory evidence." *Id.* Defendant must also show that "the exculpatory value of the evidence was apparent before its destruction" as well as "an inability to obtain comparable evidence by other reasonably available means." *Id.* But "where the government is negligent, even grossly negligent, in failing to preserve potential exculpatory evidence, the bad faith requirement is not satisfied." *Id.*

Here, defendant has pointed to no evidence of bad faith. At best, the defendant can merely assert negligence on the part of the government to preserve the evidence, which is insufficient to dismiss the indictment. Whether an individual under the same circumstances would be held to this standard is irrelevant. Because the defendant has not demonstrated bad faith, his objections that the government has abused its process are overruled.

Likewise, defendant's contention that a denial of his motion would upset the presumption

of innocence is without merit. The loss of this evidence does not relieve the government of its burden to prove every element of the crime beyond a reasonable doubt. To the contrary, the burden of proof remains with the government, and the admitted loss of the evidence indeed works in defendant's favor. It does not, as the defendant asserts, "require the accused ... to somehow try to plug this black hole of evidentiary proof that the government has created." There is no burden on the defendant to prove affirmatively his innocence. He may merely rest on the fact that the government has insufficient evidence to prove his guilt beyond a reasonable doubt. As Judge Shirley noted and in accordance with the standards detailed above, these issues are to be resolved at trial and not by dismissing the indictment.

Finally, defendant's equal protection argument, though it is rather unclear to the court, is without merit. It appears that it is related to the above arguments, in that defendant apparently argues that reliance upon the evidence in the affidavit supporting the search warrant and subsequent loss or destruction of the evidence gives rise to an inference of bad faith. Defendant argues that this is a denial of his equal protection and due process rights. Even assuming *arguendo* that bad faith can be presumed, as discussed above, defendant would also have to show that the exculpatory value of the evidence was clearly apparent before the loss or destruction, in addition to his inability to gain access to comparable evidence. *Wright*, 260 F.3d at 571. Defendant has shown neither, and certainly cannot argue that the evidence was clearly exculpatory before the loss or destruction. Rather, defendant rests on the mere lack of evidence to support his defense, and, as previously discussed, this is insufficient to warrant dismissal of the indictment.

II.

Defendant also makes several arguments specifically related to the alternative relief sought

in his motion, namely, that if the motion to dismiss the indictment be denied, this court suppress the evidence. Defendant argues first that because the government has conceded that he was a resident of the premises searched, he has standing to assert a Fourth Amendment illegal search and seizure claim, contrary to Judge Shirley's finding that he did not. Defendant further contests the legality of the search, claiming that the wiretapped conversations that were the basis of the search warrant were completely innocuous and therefore did not give rise to the requisite probable cause for the search warrant to issue. Finally, defendant incorporates by reference his motion and memorandum in support thereof.

For a defendant to have standing to challenge the admission of evidence, he must demonstrate that his own constitutional rights have been violated. *United States v. Garcia*, 496 F.3d, 495, 503 n.3 (6th Cir. 2007). With regard to Fourth Amendment claims of illegal search and seizure, "standing is established if the defendant 'has a legitimate expectation of privacy' in the places searched or the items seized." *Id.* Here, the defendant asserted in the brief supporting his motion that his presence at the house was simply unfortunate, and therefore seemed to dispute the strength of the government's proof connecting him to the conspiracy. Because defendant had not asserted any facts connecting to the house to demonstrate standing and, tellingly, relied on an assertion that he had no connection to the house whatsoever, Judge Shirley found that defendant did not have a reasonable expectation of privacy and therefore did not have standing to challenge the legality of the search performed.

Defendant now claims that the government conceded he was a resident at the house and as such, there is no issue with regard to whether he has standing. Indeed, the government did state, "Aaron Brooks appeared to live at this residence with Smith." Gov't's Resp. to Mot. by Def. Brooks

to Dismiss or in the Alternative to Suppress at 8. It is not this court's responsibility to address the mutual exclusivity of these arguments by defendant. After reviewing the record, it appears to this court that at the very least, defendant was an overnight guest at the premises searched, and therefore has standing to challenge the legality of the search and seizure. *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990) (overnight guests have a reasonable expectation of privacy in the home). Defendant has never disputed that the clothing seized, and now lost, was his. The presence of that clothing at the house when it was searched indicates his status, at a minimum as an overnight house guest, if not a resident, and this court therefore finds that he has standing to challenge the legality of the search.

With regard to defendant's objections on the merits to the search and seizure, this court finds them to be without weight, and they are therefore overruled. Defendant challenges the sufficiency of the evidence that was the basis of the search warrant. In the Sixth Circuit, however, when considering the validity of a search warrant issued, "the magistrate's probable cause determination should be afforded great deference." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quotations omitted). This court therefore need only find that "the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *Id.*

Here, Judge Shirley was presented with more than sufficient evidence to determine there was probable cause to issue the warrant. Judge Shirley enumerated these reasons in pages seven and eight of the R&R. Specifically, there were multiple intercepted telephone conversations stating that a meeting was to take place at the premises searched. Prior intercepted telephone conversations and physical surveillance established that the house searched was used to store cocaine for the

conspiracy. Judge Shirley noted that "[p]olice observed meetings between members of the alleged conspiracy at the house and it was repeatedly mention[ed] over the telephone in a manner suggesting its role [was] the conspiracy to conceal cocaine." Judge Shirley made specific reference to a telephone call made on April 21, 2007, setting up a drug transaction at the house with a resident thereof. This brief summary of the evidence more than establishes a substantial basis to issue the warrant. Defendant's attempt to color brief excerpts of the intercepted conversations as "innocuous" are wholly out of context to the totality of the evidence submitted in support of the search warrant, and his objections on that basis are overruled. Because the search was pursuant to a valid search warrant, defendant's Fourth Amendment rights were not violated, and his motion to suppress must be denied. *See, e.g.*, *United States v. Guy*, 1 F. App'x 410, 412 (6th Cir. 2001) (valid search warrants protect against unreasonable searches and seizures prohibited by the Fourth Amendment).

Finally, this court notes that defendant incorporates by reference those arguments made within his motion, and to the extent this court has not addressed them specifically, Judge Shirley's well-reasoned analysis of the issues is adopted. Any further opinion by this court would be unnecessarily duplicative.

### III.

In sum, defendant has not established the requisite elements for a dismissal of the indictment to issue on the basis of a loss of evidence, and his objections to the R&R on that basis are **OVERRULED**. Likewise, although defendant has standing to challenge the legality of the Fourth Amendment search, he has not demonstrated the invalidity of the search warrant issued. Because the search was pursuant to a valid search warrant, the defendant's objections to the R&R with regard

to the search and seizure are **OVERRULED.**  Accordingly, defendant's motion to dismiss or in the alternative to suppress [Doc. 162] is **DENIED.**

    **IT IS SO ORDERED**.

        **ENTER:**

            s/ Thomas W. Phillips
           United States District Judge