IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CR-51 |
| ) | (Phillips / Shirley) |
| JOHNNIE MARTIN, ) | |
| LASHONDA HALL, and ) | |
| AARON BROOKS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On February 20, 2008, this matter came before the Court for further proceedings, to include consideration of a severance of the three defendants for trial and to address the current February 26, 2008, trial date. See, Order [Doc. 275]. Defendant LaShonda Hall was present with her attorney, Mike Whalen. Defendant Aaron Brooks was present with his attorney, Rowland Cowden. Defendant Johnnie Martin was present, appearing pro se. Attorney Donny Young was present as hybrid counsel for Mr. Martin. See, Order [Doc. 276]. Assistant United States Attorneys Tracee Plowell and David Jennings were present on behalf of the United States.

The hearing was scheduled for argument as to severance and trial continuance in light of Mr. Martin's February 19, 2008, invocation of his right to self-representation. The Court granted leave to all parties to file any supplemental briefs or motions they deem necessary on the issues of severance and trial continuance, however none were filed.

## SEVERANCE

The Court first asked each of the parties to express their position as to whether a severance of any or all defendants is now appropriate. The Court also asked the parties to state their preference for the order of severed trials, should a severance take place.

### *Brooks*

Attorney Cowden expressed Mr. Brooks' continued objection to being tried jointly with Mr. Martin. Mr Brooks has requested a severance from Mr. Martin throughout the pendency of this case. See [Doc. 143]; [Doc. 267]. Attorney Cowden argued that principals of fundamental fairness would be undermined by a joint trial as to defendants Brooks and Martin. Attorney Cowden drew the Court's attention to Mr. Martin's inappropriate conduct in the courtroom the previous day during the February 19, 2008, hearing. At that time, while the Court was addressing a different party, and after Mr. Martin had been granted leave to proceed pro se, Mr. Martin made a sweeping gesture and snapped his fingers as he made a commanding remark (unintelligible to the Court) in the direction of his co-defendants at the next table and/or the gallery behind them. Attorney Cowden argued that this disruptive behavior could only be indicative of Mr. Martin's future conduct at trial. Attorney Cowden argued that Mr. Brooks would be deprived of a fair trial as to his own guilt or innocence based upon the facts and the law if he were tried together with Mr. Martin under these circumstances. Mr. Brooks would prefer to be tried first and alone.

### *Hall*

Attorney Whalen stated Ms Hall's position that no severance of defendants is warranted. Ms Hall has filed Notice of Position on Severance [Doc. 271] registering her opposition to severance before Mr. Martin elected to proceed pro se. Ms Hall did not change her position after the Court

granted Mr. Martin leave to proceed pro se. Attorney Whalen argued that, in any event, the Court should only consider granting a severance as to the moving party, in this case Mr. Brooks. Ms Hall opposed a severance of her trial from that of Mr. Martin, regardless of action taken as to Mr. Brooks. If a severance were ordered over her objection, Ms Hall would defer trial date preference to Mr. Brooks, who remains detained pending his trial.

*Martin*

Mr. Martin stated his position that all three defendants should be tried together. He agreed with Ms Hall that if the Court were to sever any defendant, it should only sever Mr. Brooks. Mr. Martin argued that because they were charged together in a conspiracy and neither has requested severance, he and Ms Hall should proceed to trial together, regardless of the Court's ruling as to Mr. Brooks. If that were the case, Mr. Martin stated that he believed the best course of action would be for Mr. Brooks to proceed to trial first, then Mr. Martin and Ms Hall.

*Government*

The United States initially argued stridently against any severance in this case, having filed a response in opposition to Mr. Brooks' most recent severance request at [Doc. 270]. The Court asked that the government give specific consideration to the potential for mistrial given the facts, circumstances and history of the defendants and the case. After a brief recess in the proceedings, AUSA Jennings reported that further consultation between the prosecution trial counsel had resulted in a change in the government's position. AUSA Jennings stated that the government withdrew its opposition to severance as to Mr. Martin from the other two defendants. AUSA Jennings argued that in light of the high potential for prejudice to the other defendants and the potential for prejudicial error from the conduct of Mr. Martin as pro se defendant, the United States believes a

3

severance is necessary to ensure an orderly and fair trial. The government expressed a strong preference to proceed to trial with Mr. Martin "first and alone."

*Analysis*

Federal Rules of Criminal Procedure, Rule 8(b), provides that "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." There is a presumption that co-defendants should and will be tried together; this presumption applies equally to defendants charged together in a conspiracy. Zafiro v. United States, 506 U.S 534, 537 (1003); United States v. Tocco, 200 F.3d 401, 413 (6th Cir. 2000).

There are, however, circumstances in which joint trial is inappropriate. Rule 14 provides relief from prejudicial joinder "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trial of counts, sever the defendants' trials, or provide any other relief that justice requires." The Court has a continuing duty during all stages of the proceedings to grant a severance if it becomes clear that a continuing joinder would result in undue prejudice to a defendant. The Court finds this is just such a case. For the reasons stated below, the Court finds that it appears a joint trial of Ms Hall and Mr. Brooks with Mr. Martin will prejudice Ms Hall and Mr. Brooks. Finding no alternative relief that would address the potential for serious error, the Court orders that Mr. Martin's trial be severed from that of the other two defendants. The Court finds no prejudice in a trial of Ms Hall and Mr. Brooks together and they are not severed for trial.

4

Mr. Martin's decision to proceed to trial pro se, standing alone, does not require a severance. But in the unique context of this case, that decision creates a great likelihood that a joint trial will substantially prejudice Ms Hall and Mr. Brooks. That risk can be eliminated by severance. An abundance of precaution dictates that Mr. Martin proceed to trial in his own trial without the potential of adverse effect to Ms Hall or Mr. Brooks.

The Court is specifically concerned with Mr. Martin's past conduct in court, indicating a lack of willingness to abide by courtroom decorum in a non-jury setting. Although each time Mr. Martin has been corrected he apologizes to the Court for his inappropriate behavior, the fact remains that he has been unable or unwilling to conduct himself in a manner consistent with courtroom procedure and decorum. The Court has observed none of this type of disruptive behavior from the several other defendants in this case, who appear to conduct themselves within appropriate bounds despite whatever their personal opinions and feelings may be about what is taking place in the court. The Court is also mindful of the role of a lawyer in advising and reminding any client of proper courtroom behavior and protocol. Because Mr. Martin is now proceeding pro se, the Court can only anticipate the exercise of less personal restraint on his part than when counsel spoke on his behalf. Despite the appointment of hybrid counsel, the Court concludes there remains a likelihood of increased stress in an extended jury trial that could lead to greater outbursts, inappropriate behavior and problems which could effect the trial. As an additional matter, in this case the government alleges Mr. Martin has made serious threats to other persons who may testify for the prosecution. Mr. Brooks has argued that Mr. Martin uses intimidation tactics to control others. See [Doc. 143]; and [Doc. 144]. Some of Mr. Martin's past courtroom behavior has appeared to be aimed at maintaining the compliance of his co-defendants in some course of action consistent with his own

defense. Taken with the fact of Mr. Martin's personal cross-examination of witnesses and co-defendants he has allegedly threatened, there can be no doubt that the potential for prejudice, error or mistrial is greater if Mr. Martin proceeds to trial with Mr. Brooks and Ms Hall.

The Court is also concerned with Mr. Martin's lack of legal training and the potential that, despite admonitions and guidance and even with assistance of hybrid counsel, improper or inadmissible testimony or evidence could be presented before the jury which could adversely affect and prejudice the co-defendants and result in a mistrial. This likelihood is increased regardless of the good intentions or model behavior of Mr. Martin. Some rules of evidence and procedure appear counter-intuitive to persons who have not pursued directed, formal study into their purpose and interplay with other precepts. Although Mr. Martin has exercised his right to proceed pro se, the Court cannot ignore the myriad ways in which he could inadvertently and irreparably harm his co-defendants' prospect for a fair trial. Given the record and facts before this Court, this Court finds it would be gravely irresponsible to ignore the clear signs of impending prejudice and permit Ms Hall and Mr. Brooks to proceed to a joint trial under these circumstances.

The Court finds it is most appropriate for Mr. Martin to proceed to trial on the currently set trial date, February 26, 2008. Ms Hall has not been detained pending trial and Mr. Brooks is otherwise serving a lengthy state penitentiary sentence. In contrast, Mr. Martin is detained pending this trial and, to the Court's knowledge, for no other reason. The Court has extended to Mr. Martin every opportunity to request more time to prepare for his trial since his decision to proceed pro se, but he has emphatically stated and re-stated his wish to proceed to trial at the first possible date. Mr. Martin appears sincere in his desire to proceed to trial on February 26, 2008, even offering a conditional withdrawal of his practical requests for trial preparation (such as access to wiretap

recordings) if they could serve to delay the February 26, 2008, trial date.

*Conclusion*

The Court finds that although these defendants were properly joined in the indictment, a severance of defendants for trial is necessary. The Court finds severance is the only available remedy for this prejudicial joinder. See Fed. R. Crim. P. 14.

IT IS ORDERED:

> 1. The trial of defendant Johnnie Martin shall be conducted separately from the trial of defendants Aaron Brooks and LaShonda Hall. Mr. Brooks and Ms Hall shall be tried jointly.
>
> 2. Johnnie Martin shall proceed to trial as scheduled on **February 26, 2008, at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge.
>
> 3. The government and the remaining defendants, LaShonda Hall and Aaron Brooks shall appear with counsel on **March 6, 2008**, **at 9:00 a.m.**, for a status conference and for the purpose of setting a trial date. If Mr. Martin's trial is still underway on that date, the Court will accommodate counsel as necessary.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge