IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | (Varlan / Shirley) |
| | ) | |
| AARON BROOKS and | ) | |
| LASHONDA HALL | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pre-trial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on March 28, 2008, for a status conference and the selection of a date for the jury trial of this case as to defendants LaShonda Hall and Aaron Brooks. Defendant LaShonda Hall was present with her counsel, Mike Whalen. Defendant Aaron Brooks was present with this counsel, Rowland Cowden. The government was represented by Assistant United States Attorneys David Jennings and Tracee Plowell.

Attorney Whalen and Attorney Cowden stated that they will require a reasonable period of time to prepare for trial as a result of the severance of co-defendant Johnnie Martin, his *pro se* trial, the mistrial conclusion to that case and the anticipated retrial in that case. Attorney Whalen and Attorney Cowden both stated that these events have impacted their preparation for the conduct of the separate trial. The United States confirmed its intention to proceed with the retrial of co-defendant Johnnie Martin before the trial of Ms Hall and Mr. Brooks, and that the government would require a reasonable time to prepare for this trial. Attorney Whalen and Attorney Cowden,

1

and their respective client's agreed that they preferred to be tried after Mr. Martin's retrial , and they, along with and AUSA Jennings, agreed that a trial date of July 22, 2008, would afford the time necessary to prepare for the trial after the conduct and conclusion of Mr. Martin's re-trial.  This Court is advised that the first date available for the conduct of Mr. Martin's retrial and for a trial of this length (the first trial lasting nine days) in the District Court is May 19, 2008.  In addition, Mr. Martin has filed a Motion for Acquittal, [Doc. 322] which will need to be briefed and ruled upon. Without addressing the merits of Mr. Martin's motion or any other issues before the District Court, it was necessary to schedule a new date for the trial as to co-defendant Martin in order for the Court and the parties to proceed with consideration of a new trial date for Mr. Brooks and Ms Hall. Accordingly, the severed trial of Mr. Martin will commence on **May 19, 2008, at 9:00 a.m.** before U.S. District Judge Thomas A. Varlan.  See, Order of Reassignment [Doc. 320].

The Court observes that this case has previously been declared unusual and complex for purposes of the Speedy Trial Act, as provided at 18 U.S.C. § 3161(h)(8)(B)(ii). [Doc. 89 at 6].  On behalf of Ms Hall, Attorney Whalen asked that the Court maintain that designation.  Attorney Whalen stated his belief that this designation is still accurate and appropriate given the entirety of the case. Ms Hall indicated her agreement.  On behalf of Mr. Brooks, Attorney Cowden stated that there is no basis for the Court to revisit the earlier designation and asked that the Court make a current finding that this case is unusual or complex for purposes of the Speedy Trial Act.  Mr. Brooks agreed with his attorney's statements.

The Court finds that this case remains so unusual and so complex  that it is unreasonable to expect adequate preparation for the remaining pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).  The Court

agrees with the parties that there have been no developments since the June 28, 2007, Order [Doc. 89] (originally finding the case is unusual and complex) that would indicate that designation is no longer appropriate. To the contrary, the progress of the case has only become more unusual and complex, primarily due to the proceedings involving co-defendant Martin who has proceeded to jury trial, but will now be tried anew in light of the mistrial after some two weeks of proceedings. While this contingency is not expressly addressed within the Speedy Trial Act, the Court finds it is a factor the Court should consider within the § 3161(h)(8)(B)(ii) determination. For this reason, the Court also finds that failure to continue the trial of this case to July 22, 2008, would be likely to result in a miscarriage of justice as to Mr. Brooks and Ms Hall. See § 3161(h)(8)(B)(i).

Attorney Whalen stated his belief that the time allowed by the proposed July 22, 2008, trial date is essential to the adequate preparation of Ms Hall's defense, taking into account the exercise of due diligence. Ms Hall agreed that a continuance of the trial to that date is in her best interest and joined Attorney Whalen's request for a continuance to that date. Attorney Whalen reported that Ms Hall understands that she will remain subject to the conditions of her pretrial release or in jail pending the new trial date.[1]

Attorney Cowden stated that he believes the trial date of July 22, 2008, is in Mr. Brooks' best interest and that the additional time from the date of the status hearing is necessary for the preparation of his defense. Despite the exercise of due diligence, Attorney Cowden stated that he believes the case cannot be adequately prepared for trial any sooner than the new trial date. Mr. Brooks confirmed his agreement with his attorney's statements. Mr. Brooks, who has been detained

---

[1] The Court conducted a hearing on a Petition for Action on Conditions of Pretrial Release as to Ms Hall immediately following the status conference. See, [Doc. 324]. At the conclusion of that hearing, Ms Hall was detained pending trial.

pending trial, stated that he understands he will necessarily remain in jail pending the new trial date.

The Court finds, and the parties agreed, that the failure to continue the trial date to July 22, 2008, would likely make a continuation of the proceedings impossible or would unreasonably deny these defendants or the government continuity of counsel. See § 3161(h)(8)(B)(i), (iv). As of the status hearing date, the four attorneys involved in the trial of this case have scheduled trials and other court appearances for the next several weeks, as oral discussion of their respective calendars confirmed. The suggested July 22, 2008, trial date was one of the first dates at which all parties could be present with their counsel.

The Court finds that, under the circumstances described herein, the ends of justice served by granting an additional four months for the conduct of Mr. Martin's retrial and for Ms Hall's and Mr. Brooks' trial preparation outweigh the best interest of the public and these defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court also finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that defense counsel and the attorneys for the government will not have enough time to review their respective factual investigations, prepare to present and rebut proof before a jury or complete trial preparation any earlier than the suggested July 22, 2008, trial date. The Court finds that a hastily prepared trial in such a weighty matter would be likely to result in a miscarriage of justice for one or both of these defendants, the government or all parties were the Court to set this matter for trial any sooner. See 18 U.S.C. § 3161(h)(8)(B)(I).

Attorney Whalen, Attorney Brooks, AUSA Jennings and AUSA Plowell stated their belief that all the time between the date this case was designated complex and all the time between this hearing and the new date of the trial is fully excludable time under the Speedy Trial Act. The Court

agrees and finds that all of the time from the Court's Order [Doc. 89], entered June 28, 2007, and the July 22, 2008, trial date is, and has been previously deemed, fully excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B) (ii).

Accordingly, it is **ORDERED**:

>(1) The trial of defendant Johnnie Martin will commence on **May 19, 2008, at 9:00 a.m.** before the Honorable Thomas A. Varlan, United States District Court Judge.
>
>(2) The trial of defendants LaShonda Hall and Aaron Brooks will commence on **July 22, 2008, at 9:00 a.m.**, also before the Honorable Thomas A. Varlan, United States District Court Judge.
>
>(3) All time between **June 28, 2007,** and **July 22, 2008**, is fully excludable time under the Speedy Trial Act for the reasons stated herein.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge