UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | (VARLAN/SHIRLEY) |
| JOHNNIE MARTIN, | ) | |
| AARON BROOKS, and | ) | |
| LASHONDA HALL, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Defendant Martin's Motion to Continue [Doc. 389] his September 15, 2008 trial date. This motion was referred [Doc. 390] to the undersigned on August 20, 2008. See 28 U.S.C. § 636(b). In the motion, counsel for Defendant Martin, who was appointed [Docs. 353, 357] as counsel of record on May 13, 2008, states that he has requests for funding for experts pending approval. Once he receives funding, he needs time for the defense experts to review discovery and perform the necessary work. The Court held a series of hearings on the motion in an attempt to determine a realistic trial date. On September 2, 2008, Assistant United States Attorneys David C. Jennings and Tracee Plowell and defense counsel Stephen A. Burroughs met and presented arguments. The hearing was continued to September 5, 2008, so that Co-defendants Aaron Brooks and LaShonda Hall could be present with their counsel.

1

On September 5, 2008, the Court reconvened the hearing on Defendant Martin's Motion to Continue. Assistant United States Attorneys David C. Jennings and Tracee Plowell were again present for the government. Defendants Martin, Brooks, and Hall were present, represented by Attorneys Stephen A. Burroughs, Rowland E. Cowden, and Robert L. Vogel respectively. Mr. Burroughs stated that after reviewing discovery, his telecommunications expert stated that he had only forty percent of the information he needed to complete his evaluation. The expert had given him a list of the additional information he needed. The parties discussed what additional information the defense expert needed, and the government expressed doubt about whether the defendant was entitled to the information. Although the Court was inclined to continue the trial, it found that it could not do so at this juncture, until the parties clarified whether they had a discovery dispute and what additional hearings were needed, if any. Defendants Brooks and Hall, who are presently scheduled to be tried separately from Defendant Martin on November 17, 2008, stated that they had no objection to the requested continuance of Defendant Martin's trial. They both affirmed that they still want to be tried after Defendant Martin, even if that means a protracted delay. The Court set the matter of the continuance for a status conference on September 16, by which time Defendant Martin was to present the government with a written request for the information sought by the expert and the government was to respond as to whether it would provide the information and how long that would take or whether it objected to providing the information.

The parties met for a status conference on September 16, 2008. Assistant United States Attorney Plowell represented the government. Defendant Martin was present, represented by Attorney Burroughs. The parties discussed the information needed by the defense telecommunications expert. The government agreed to provide a magneto optical disk to the

2

defendant and stated that it would take two weeks for it to obtain the disk from Atlanta. Ms. Plowell stated that some of the information requested was not in the government's possession and that the defendant would have to subpoena this information from the telephone company. Finally, the government objected to providing at least some of the information, specifically the SIM cards from the cellular telephones it had seized. The Court addressed the defendant, who agreed that he did not object to the requested continuance.

After hearing the parties' arguments, the Court set the following schedule for resolving any discovery disputes and completing preparation for trial: The defendant has until September 29, 2008, to file any motions for discovery under Federal Rule of Criminal Procedure Rule 16. The government shall respond to any motions by October 13, 2008. The Court will hold a hearing on pending motions on October 29, 2008, at 2:00 p.m. The defendant is also to subpoena the information needed from the telephone company to be produced at this hearing, pursuant to Federal Rule of Criminal Procedure 17(c)(1). The Court then set two potential trial dates, January 12, 2009, and March 3, 2009. The latter date will be necessary if the government disputes the Rule 16 motion, the government decides to hire its own expert on the matter, and if the parties request Daubert hearings relating to the experts. The Court declined to continue the November 17, 2008 trial of Defendant's Brooks and Hall as there was no motion before it to do so. The Court also noted that it had discussed Defendant Martin's pending *Pro Se* Motion for Appointment of Counsel on Appeal [Doc. 388] with personnel at the Sixth Circuit who advised that if the Sixth Circuit decides to review the defendant's appeal, it will appoint counsel for him on appeal. Meanwhile, the Court will leave the defendant's *pro se* motion pending for the Sixth Circuit to act upon it.

3

The Court finds Defendant Martin's Motion to Continue [Doc. 389] to be well taken and finds that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). At the time the Court began exploring this matter, the defendant's trial was set for September 15, 2008. Defense counsel was awaiting approval from the Sixth Circuit for funding for his experts.[1] He also needs additional time to acquire and provide information needed by his telecommunications expert. Because the government objects to the provision of some of the information, the defendant may need to file motions pursuant to Rule 16, Fed. R. Crim. P. See 18 U.S.C. § 3161(h)(1)(F). The Court will need to hold a hearing on any discovery motions and time, not to exceed thirty days, to rule upon them. See 18 U.S.C. § 3161(h)(1)(J). The parties may then file objections and bring up the matter with the District Court, which will also need time to rule. The government has stated that it may need to hire its own expert, and parties may also need time to pursue Daubert hearings with respect to the experts. Finally, the parties will need time to prepare for trial in light of the experts' reports and the Court's rulings. The Court finds that all of this could not take place in less than four to six months. Thus, without a continuance, counsel for both the defendant and the government would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, Defendant Martin's Motion to Continue [**Doc. 389**] the September 15, 2008 trial date is **GRANTED**, and the trial of this matter shall occur on **January 12, 2009,** or **March 3, 2009**, depending upon whether certain information requested by the defendant is disputed.

---

[1] The Court notes that as of the date of the filing of this order, the Sixth Circuit has approved the funds requested by the defendant.

4

The Court also finds that all the time between the September 15, 2008 trial date and the new trial date of March 3, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F) & (J), -(8)(A)-(B). With regard to other scheduling in the case, the Court has set a motion-filing deadline for the defendant's discovery motions for **September 29, 2008**. The government is to respond to any such motions by **October 13, 2008**. The Court will hold a motion hearing on **October 29, 2008, at 2:00 p.m.**, to take up pending discovery motions.

Accordingly, it is ordered:

(1) Defendant Martin's Motion to Continue [**Doc. 389**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 12, 2009, or March 3, 2009, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **September 15, 2008** trial date and the new trial date of **March 3, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The defendant has until **September 29, 2008**, to file any discovery motions;

(5) The government has until **October 13, 2008**, to respond to discovery motions; and

(6) The Court will hold a motion hearing on any pending motions on **October 29, 2008, at 2:00 p.m.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

5