IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | |
| v. ) | No. 3:07-CR-51 |
| ) | (Varlan / Shirley) |
| LASHONDA HALL and ) | |
| AARON BROOKS ) | |
| ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on defendant LaShonda Hall's Motion to Continue Trial Date [Doc. 418] On October 30, 2008, the parties appeared before the Court for a hearing on the instant motion. Assistant United States Attorney Tracee Plowell appeared on behalf of the government, attorney Robert Vogel appeared on behalf of defendant LaShonda Hall, and attorney Roland Cowden appeared on behalf of defendant Aaron Brooks.

Initially, the Court notes that the indictment in this matter charged fourteen persons with participation in a drug conspiracy. Since the prosecution commenced in May, 2007, all but three defendants have resolved their cases without proceeding to trial. The remaining three defendants for trial are LaShonda Hall, Aaron Brooks, and Johnnie Martin. On February 22, 2008, the Court, upon the motion of defendant Brooks [Doc. 267], ordered that defendant Martin be severed for trial from defendants Hall and Brooks after defendant Martin elected, on the eve of trial, to proceed pro se. [Doc. 282].

Defendant Martin proceeded to trial on February 27, 2008. Jury deliberations resulted in a conviction as to one count, and a mistrial as to the remaining counts. [Doc. 315] The United States filed notice that it would seek a re-trial of defendant Martin. [Doc. 312]. The re-trial of defendant Martin was originally set for May 19, 2008 [Doc. 329], but has since been continued to January 12, 2009, with a backup trial date of March 3, 2009. [Doc. 401] The trial of defendants Brooks and Hall was scheduled for July 22, 2008 [Doc. 329], but has since been continued to November 17, 2008. [Doc. 382]

Defendant Hall now moves the Court to continue the trial of defendants Brooks and Hall. As grounds, defendant Hall argues that various motions filed by defendant Martin will likely have an impact on the evidence in the Brooks and Hall trial, thus necessitating a continuance of the Brooks and Hall trial until after the completion of the Martin re-trial. At the hearing, counsel for defendant Brooks orally joined in the motion to continue. Defense counsel for both defendants indicated that they had discussed a continuance with their clients, and defendants Brooks and Hall both indicated that they understood the consequences associated with such a continuance. The government stated that it would not oppose a continuance.

The Court observes that it has previously found, without objection, this case to be so unusual and complex because of the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act as provided in 18 U.S.C. § 3161(h)(8)(B)(ii). [Doc. 89]. Given the additional complications created by the highly technical matters involved in defendant Martin's motions, the Court finds that the complexity of this case has only heightened, and that it remains unreasonable to expect adequate preparation for pretrial proceedings and for the

trial itself within the time limits established by the Speedy Trial Act as provided in 18 U.S.C. § 3161(h) (8)(B)(ii). The Court finds, and the parties agreed, that the interests of justice served by a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that a failure to continue this matter would result in a miscarriage of justice, and would deny defense counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(8)(B)(i) and (iv). Accordingly, defendant Hall's motion to continue **[Doc. 418]** is hereby **GRANTED**, and the trial of defendants Brooks and Hall is hereby continued to **March 30, 2009**. The Court finds that all time between the October 30, 2008, hearing and the March 30, 2009, trial date is fully excludable from operation of the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A), (B)(i), (ii), and (iv). The Court also notes that the excludable time attributable to defendant Hall is also attributable to all co-defendants. 18 U.S.C. § 3161(h)(7); United States v. Gardner, 488 F.3d 700, 717 (6th Cir. 2007).

    Accordingly, **IT IS ORDERED**:

    1. Defendant Hall's motion to continue **[Doc. 418]** is hereby **GRANTED**;

    2. The trial of defendants Aaron Brooks and LaShonda Hall has been continued to **March 30, 2009, at 9:00 a.m.** before the Honorable Thomas A. Varlan;

    3. For the reasons set forth above, all time between the **October 30, 2008**, hearing and the new trial date of **March 30, 2009**, is fully excludable from operation of the Speedy Trial Act.

    ENTER:

       s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge