UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | |
| AARON BROOKS and | ) | (VARLAN/SHIRLEY) |
| LASHONDA HALL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on Defendant Hall's Motion to Continue Trial Date [Doc. 501] and Renewed Motion to Suppress Statement [Doc. 503], both of which were filed on May 27, 2009. The parties appeared for a hearing on the motion on May 29, 2009. Assistant United States Attorneys David C. Jennings and Tracee Plowell were present for the government. Defendants Lashonda Hall and Aaron Brooks were present, represented by Attorneys Robert L. Vogel and Rowland E. Cowden respectively.

**Renewed Suppression Motion**

With regard to the Renewed Motion to Suppress Statement, the Court observes that Defendant Hall filed a Motion to Suppress Statements [Doc. 132] on July 30, 2007.[1] In this motion, she asked to suppress the May 3, 2007 statement that she made following her arrest and execution of a rights waiver, alleging that the statement was the product of police coercion. The Court heard

---

[1] The Court notes that at this time, Defendant Hall was represented by Attorney Mike Whalen.

1

the motion on November 26, 2007, and issued a Memorandum and Order [Doc. 218] announcing the following ruling on the motion on December 5, 2007:

> At the November 26, 2007, hearing AUSA Jennings stated that the United States will not seek to introduce Hall's statement in its case-in-chief at trial. In response, Hall withdrew her Motion to Suppress Statement as it had become moot. Having been withdrawn in light of the government's position, **[Doc. 132]** is **DENIED** as moot.

In her renewed motion, Defendant Hall acknowledges this ruling. She now asks to prevent the government's use of her statement in rebuttal or for impeachment, as well as in its case-in-chief. She argues that the government should not be able to make any use of the statement because it was the product of police coercion, was involuntary, is unreliable, and is highly prejudicial.

At the hearing, counsel for Defendant Hall related that in preparing for trial, he was going over the Defendant Hall's statement with her and learned that Hall believed that the statement could not be used against her at all. He stated that Defendant Hall had misunderstood the result of the Court's ruling and had not realized that the statement was only precluded from use during the government's case-in-chief but might be used to impeach her if she testified at trial. He argued that although he did not know whether the defendant would ultimately choose to testify at trial, the fact that her May 3, 2007 statement could be used to impeach her had a chilling effect on her testimony.

The government objected to the untimeliness of the renewed suppression motion, arguing that it could have been filed at any time over the past two years. It confirmed that it would not seek to use Defendant Hall's statement in her case-in-chief but stated that it would use the statement to impeach her testimony. It contended that a suppression of the statement with regard

2

to preventing its use in its case-in-chief would not prevent the use of the statement for impeachment. AUSA Plowell maintained that if the government did use Defendant Hall's statement in impeachment, it would not be offered for its truth but, instead, would be used to show that Hall had made inconsistent statements.

Rule 12(b)(3)(c) of the Federal Rules of Criminal Procedure, provides that motions to suppress evidence must be filed prior to trial. Rule 12(c) provides for the Court to set a deadline for filing such motions. Rule 12(e) provides that failure to file such a motion before the motion-filing deadline constitutes a waiver of the motion unless for good cause the Court grants relief from the waiver. The good cause exception to the Rule 12(e) waiver provision should generally be limited to those exceptional cases where a satisfactory showing is made that a particular motion was not filed because the information upon which the new motion is based was not obtainable at the time of the earlier motion. See United States v. Watson, 391 F.Supp.2d 89, 91-94 (D. D.C. 2005).

In the present case, the defendant's motion-filing deadline has long expired, and she seeks to renew a prior, timely motion. The Court finds that despite its link to the earlier motion, the present suppression motion is still untimely. In the near year and one-half since the Court ruled on the prior suppression motion, the government's position and the Court's position have not changed. Accordingly, no new information has become available with regard to the use of the statement. During this time period, Defendant Hall's trial has been continued five times [see Docs. 239, 329, 382, 423, 470], yet the defendant did not inform her counsel of her claimed misunderstanding of the use of the statement until a couple of weeks before her June 8 trial date. Nothing in the record reveals that the defendant could not have sought to clarify the statement's potential use to impeach at an earlier time. Accordingly, the Court finds that the defendant has failed to show good cause to

3

except her motion from waiver under Rule 12(e). The Renewed Motion to Suppress Statement [**Doc. 503**] is **DENIED** as untimely.

## Motion to Continue

In her motion to continue the June 8 trial date, Defendant Hall states that counsel needs additional time to review the transcripts of the two trials of Co-defendant Johnnie Martin, which he only received that day. The defendant relates that the transcripts span a total of 2,315 pages and that a review of the transcripts is necessary to check for exculpatory evidence and to prepare for trial. The defendant maintains that a thirty-day continuance of the trial is in the interest of justice.

At the hearing, defense counsel for Defendant Hall stated that Hall wanted the opportunity to review the transcripts from the two trials of Johnnie Martin herself. Counsel informed the Court that he was not able to attend Martin's second trial because of other obligations. He argued that a substantial amount of the evidence used in the Martin trial would be used again in Hall's trial. He said that in January 2009, he requested the transcript of the first Martin trial, but it was not sent. He realized that he had not received the transcript of the first trial during the second Martin trial. He requested the transcript of the first trial again along with a transcript of the second trial. He received both transcripts on Tuesday, May 26, but had not had the opportunity to print them out.

Counsel for Defendant Brooks said that his client also favored a continuance of the trial to permit review of the Martin transcripts. He stated that in addition to time to read the transcript, he would need time to apply it to Defendant Brooks' case. He noted that although he had attended the first Martin trial and had the transcript of that trial, the testimony of the witnesses who

would be common to all three trials (the two Martin trials and Defendant Brook's upcoming trial) would not be exactly the same between the first and second Martin trial. Although he had started reviewing the transcript of the second trial, he still had a substantial amount to print. He stated that it would take longer to select and print only the portions of the transcript that pertained to witnesses that would appear in the upcoming trial. He stated that Defendant Brooks also wanted to participate in the review of the transcripts. Finally, he observed that if the trial of Defendant Hall were severed from that of Defendant Brooks, then he would be prepared to go to trial on June 8.

The government opposed any continuance of the trial. It disputed the need for the transcript of the second trial because the testimony regarding the conspiracy, which is the portion that would be relevant to Defendants Hall and Brooks, was the same as that at the first Martin trial. The government stated that some of the evidence in the second Martin trial was not relevant to Defendants Hall and Brooks such as the testimony of Defendant Martin's expert witness and the testimony of witnesses relating to Martin's separate counts, in which Defendants Hall and Brooks were not charged. It contended that the public was entitled to a speedy trial. Finally, the government opposed severing Defendants Hall and Brooks for trial.

The Court finds the motion to continue the June 8 trial is not well-taken and that the ends of justice would not be served by granting a continuance, considering the interest of the defendants and the public in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Defendants Hall and Brooks have consistently asked to be tried after, and separately from, Defendant Martin because they assert that the evidence offered in the Martin trial could impact their defenses. Even after the initial basis for severing their trial from Martin's (the fact that Martin was representing himself) ceased to exist, the Court has permitted the defendants to continue with a separate trial occurring after the

5

second trial of Martin. When this Court continued [Doc. 470] the defendants' trial from March 30, 2009, to June 8, 2009, so that it could occur after the Martin trial that had been moved to the March 30 date, it recognized the need for and granted the defendants time to prepare for their trial following the Martin trial. The Court notes that the first Martin trial occurred in February 2008 and the second Martin trial took place from March 30 to April 7, 2009.

The Court finds that even though defense counsel received the trial transcripts for the second Martin trial approximately twelve days before the defendants' trial, this is not insufficient time for counsel to review the transcript. The Court finds that portions of the Martin trial are not relevant to the defendants because they relate to Martin's expert and to charges that only relate to Martin. Moreover and more importantly, counsels' ability to review the testimony of the government's witnesses before trial is a luxury afforded to Defendants Hall and Brooks due to the unique circumstances of this case. Although this Court encourages early disclosure in its Order on Discovery and Scheduling, the government typically has no obligation to provide the statements of witnesses to the defendant in advance of trial, even if those statements are exculpatory. See United States v. Mullins, 22 F.3d 1365, 1372 (6th Cir. 1994) (holding that the Jencks Act trumps Brady in matters regarding the timing of disclosure). In other words, in the typical case, defense counsel would have, at best, hours to review a witness's prior statement during a recess of the trial, rather than twelve days. Weighing the length of time that this case has been pending against these factors, the Court finds that a continuance is not warranted at this juncture. The Court emphasizes that it is not faulting defense counsel for the amount of time left for the review of the Martin trial transcripts. Instead, it merely finds that the defendants' desire for yet more time for trial preparation does not outweigh the public's significant interest in the trial of this case now, some two years after the initial

6

indictment [Doc. 8]. Defendant Hall's Motion to Continue Trial Date [**Doc. 501**] is **DENIED**. The trial of this matter shall remain on **June 8, 2009**.

Accordingly, it is **ORDERED**:

(1) Defendant Hall's Renewed Motion to Suppress Statements [**Doc. 503**] is **DENIED** as untimely;

(2) Defendant Hall's Motion to Continue Trial Date [**Doc. 501**] is **DENIED**; and

(3) The trial of this matter shall commence as previously scheduled on **June 8, 2009, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge