UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| AARON BROOKS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:07-CR-51-TAV-HBG |
| | ) | 3:14-CV-459-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court now is Petitioner's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 759]. The government filed a response in opposition [Doc. 789]. For the reasons that follow, the Court will deny the § 2255 motion.

**I.     Background**

Petitioner was charged with conspiracy to engage in drug possession and illegal possession of firearms for his role in a large-scale drug trafficking organization [Docs. 8, 106, 224].[1] On June 19, 2009, a jury convicted Petitioner of multiple counts of distributing controlled substances and illegal possession of firearms [Doc. 537].

This Court sentenced Petitioner to 548 months' imprisonment, a sentence within the guidelines range [Doc. 700]. The Court of Appeals for the Sixth Circuit affirmed the convictions and sentence [Doc. 729]. Petitioner sought certiorari, which was denied on October 7, 2013 [Doc. 746].

---

[1] All citations to the record are found on the docket of Case No. 3:07-CR-51.

## II. Analysis

As an initial matter, the Court notes that Petitioner did not sign the § 2255 motion. Instead, the motion was signed by "S. Simpson," who claimed to be signing "on behalf of" Petitioner, because Petitioner's place of confinement had been on lockdown since September 11, 2014. A motion must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The motion, however, does not explain whether Simpson was authorized to sign on Petitioner's behalf. Despite the lack of a signature by Petitioner, the Court will accept the Motion and rule on it based on its substance, in the interest of justice.

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner presents one claim of ineffective assistance of counsel in his § 2255 motion: that counsel was ineffective for allowing Petitioner to "go to court" (trial) and thus be convicted and sentenced to 548 months of imprisonment [Doc. 759].

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying the *Strickland* test to an ineffective assistance of counsel claim). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (stating that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's

representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

In his motion, Petitioner does not explain what counsel failed to do or what he did but should not have done. It is well settled that a petitioner must set forth adequate facts which entitle him to relief. *See, e.g.*, *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that if "claims are stated in the form of conclusions without any allegations of facts in support therefore," a § 2255 motion is "legally insufficient to sustain review"); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of veracity, are not sufficient to warrant a hearing").

In addition, Brooks cannot show that counsel was ineffective for not securing a lesser sentence. The Court agrees with the government that counsel argued vigorously on Petitioner's behalf and opposed the two consecutive sentences for the § 924(c) offenses, arguing that both offenses occurred during the time frame of the conspiracy. But the Sixth Circuit held that imposing consecutive sentences for separate § 924(c) offenses was permitted because one "was predicated on possession with intent to distribute an illegal substance; the other was predicated on a conspiracy to possess with intent to distribute an illegal substance." *United States v. Martin*, 516 F. App'x 433, 444 (6th Cir. 2013).

Accordingly, the Court finds that Petitioner's motion [Doc. 759] is not well-taken and will be denied.

## III.     Conclusion

For the reasons discussed herein, the Court the Court will **DENY** Petitioner's motion [Doc. 759].  In addition, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Petitioner has failed to make a substantial showing of the denial of a constitutional right, therefore, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

ENTER:

                          s/ Thomas A. Varlan
                          CHIEF UNITED STATES DISTRICT JUDGE